SHEPARD, Chief Justice,
concurring.
I think the jury in this case rendered its decision under a misapprehension of the applicable law. I join in affirming only because of procedural default.
I agree with what Justice Dickson has written about contributory negligence and proximate cause as they apply to this case and other similar fact patterns. And I agree with some hesitation that a trial court does not abuse its discretion when it decides to refuse an instruction saying there can be no recovery if the jury believes the patient’s own negligence was the proximate cause of her injuries, though I think it is a helpful instruction and I wish it had been given here.
*535 Refusing to give such an instruction would typically not be fatal to the jury’s ability to focus on the patient’s acts as a potential proximate cause. The standard instructions about the plaintiffs need to prove proximate cause would legitimize counsel’s arguments to the jury about whether it was patient or doctor who caused the death.
The jury could not hear that argument in this case, of course, because the trial court told counsel it would not be permitted. Counsel and client were entitled to make this argument. Affirming on the basis of procedural default is a harsh result, but I join my colleagues in holding that it is the correct one.